so negligent was not exercising ordinary care for his own safety.

We think the language of the general charge should be more specific as to the care due from Poland. He was fifteen years of age and was required to exercise such care only as boys of his age of ordinary care and prudence are accustomed to exercise under the same or similar circumstances.

We find no errors manifest in the record prejudicial to the plaintiff in error other than as above set forth. The judgment of the court of common pleas will be reversed and the case remanded for a new trial.

**Richards** and **Chittenden, JJ.,** concur.

---

## NEGLIGENCE.

[Richland (5th) Court of Appeals, January Term, 1917.]

Powell, Houck and Shields, JJ.

*S. N. FORD, RECR. v. A. F. REAMSNIDER.

1. **Evidence of Shortening of Leg Admissible in Action for Mangling and Breaking Same Leg.**

    An averment that the plaintiff was injured permanently, his right limb mangled and both bones broken between the ankle and knee, is sufficient to warrant admission of evidence to the effect that as a result of the accident his right leg was shortened.

2. **Erroneous Instruction Cured by Subsequent Correct Instruction.**

    An erroneous instructoin to the jury that if they find for the plaintiff they will assess his damages at such a sum as "in their opinion" would be reasonable and just, is cured by a subsequent instruction which directs the jury, in estimating the amount of damages to be awarded, to take into consideration the nature of the injury sustained and any impairment in earning power.

    [Syllabus by the court.]

    ERROR.

*McBride & Wolfe* and *W. S. Kerr,* for plaintiff in error.
*Reed & Beach,* for defendant in error.

---

*Motion to certify record overruled, March 6, 1917, Ford v. Railway, 62 Bull. 128.

SHIELDS, J.

This action was brought in the court of common pleas by A. F. Reamsnider, defendant in error, to recover damages of S. N. Ford, as receiver of the Mansfield Railway, Light & Power Company, plaintiff in error, for injuries received by him through the alleged careless and negligent operation of one of the cars of the plaintiff in error.

In his petition below the said Reamsnider alleges, in substance after obtaining leave of court to bring suit against the said receiver:

"that on or about October 5, 1914, said receiver was operating the cars of the defendant company on the tracks of said company on South Main street, in the city of Mansfield; that said South Main street is entered at right angles from the east by Granite street in said city, and that both of said streets are public thoroughfares and much used and traveled by vehicles and pedestrians; that said city at said time had a city ordinance in operation prohibiting the running of street cars in said city at a rate of speed not to exceed eight miles per hour; that on said date the said Reamsnider was assisting in hauling large sewer tile with a team and wagon, and proceeding west on said Granite street with a load of said tile he observed on reaching said South Main street the north bound car of said defendant company about 500 feet distant; that he did not know and had no means of knowing the speed of said approaching car and believing that those in charge of the same were observing and would observe said speed limit and that said car was not running and would not run at an unusual rate of speed, and the plaintiff having ample time to cross said track with said team and wagon, and while exercising due care and precaution, started to cross the same. That said car thus approaching from the south in charge of the conductor and motorman of the defendant company was running in violation of said city speed ordinance at a high, reckless and dangerous rate of speed, to-wit, from 20 to 25 miles per hour; that said motorman could see said team and wagon crossing into said South Main street from said Granite street and starting across the tracks in ample time to check the speed of said car or stop it and thus avoid

Ford, Receiver v. Reamsnider.

collision, but the plaintiff says that the said defendant company, through its agents, carelessly and negligently failed to do so; that the said defendant company by its agents so negligently drove, run and conducted said car that the same was thereby run and driven against his said wagon, upsetting the same, violently throwing the plaintiff to the street under said tile, whereby he was seriously and permanently injured, to his damage in the sum of eight thousand dollars, for which judgment is prayed.''

To this petition an answer is filed by the defendant, the first defense being in the nature of a general denial, and, secondly, contributory negligence is averred in this that the injuries, if any were received by the plaintiff, were due to his own fault and negligence directly contributing thereto; that he did not look or listen for the approach of said street car, that he went directly in front of said car without looking or listening and that he took no precaution whatever for his own safety. To which answer a reply was filed by the plaintiff denying the contributory negligence charged.

Upon trial had the plaintiff recovered a verdict and judgment against the defendant and a petition in error is filed for the reversal of said judgment.

At the close of the evidence offered by the plaintiff below it appears that a motion was submitted by the defendant below, and renewed at the close of the case, for a directed verdict in favor of the said defendant, which said motion was overruled, and which action of the court below is assigned as error. A reading of the evidence as found in the bill of exceptions fully satisfies this court that under the rule of law making it the duty of the trial court to submit to the jury all disputed questions of fact arising upon the trial of a case, no error was committed by that court in overruling said motions.

Exceptions were taken to the action of the trial court in respect to the admission and rejection of certain evidence upon the trial, particularly in relation to the evidence offered by the defendant in error tending to show that as a result of said collision and accident his one leg was shortened. This evidence was admitted over the objection of the plaintiff in error, and it is con-

tended that the action of the trial court in so admitting it was prejudicial error. It is certainly not an open question as to what the rules of pleading require in stating a cause of action, and that a recovery, if any is had, should be based upon the cause of action stated as a ground of recovery; and where the pleader fails to state his cause of action properly or definitely, the statute furnishes a remedy for relief in such cases. (By referring to the plaintiff's petition we find that the allegations therein covering his injuries are as follows:

"That said defendant by its' said servants so negligently drove, run and conducted said car as aforesaid; that the same was thereby run and driven against said wagon, upsetting the same, violently throwing plaintiff to the street and under said tile; that the plaintiff was thereby seriously and permanently injured; that his right limb was mangled and crushed, both bones between the ankle and knee were broken and a compound fracture sustained; that plaintiff was confined to his bed six weeks, suffered and is still suffering physical pain and anguish."

In the foregoing we find the averment that the plaintiff was injured permanently, with the added description of the injury to his right limb. True, the effect of said injury is not expressly stated, but is not the averment that the injury is permanent, sufficient to warrant the evidence offered? We think it is, but if counsel thought otherwise, it was their privilege, by motion before trial, to have sought further and fuller information of the character and extent of this injury; but having failed to do so and having answered said petition, did not such answer constitute a waiver of any objections thereto because of a want of definiteness, and sufficiency of allegation? We think it did. Further, it would appear that the resultant injury to the right leg, as described in said petition, could not be otherwise through any natural process of reasoning than as described by the defendant in error as the same appears on page 45, and as described by the physician in charge as the same appears on page 60 of the bill of exceptions, in describing the effect of said injuries. Taking this view, we hold that the action of the trial court in admitting said evidence was not prejudicially erroneous, nor do we find any substantial or tenable ground for any other

Ford, Receiver v. Reamsnider.

exceptions taken to the admission or rejection of evidence which prejudicially affect the legal rights of the plaintiff in error.

It is vigorously contended that the plea of contributory negligence interposed by the plaintiff in error, and sustained by the evidence, as claimed, should have resulted in a judgment for the plaintiff in error on the trial in the lower court, and that the judgment of said court is therefore contrary to law and against the manifest weight of the evidence. In connection with this alleged error is also the claim made by the plaintiff in error that the court below erred in its charge to the jury, especially, on the subject of damages as the same appears in the last paragraph of said charge on page 116 of the record, wherein said court charged the jury as follows:

"If you find for the plaintiff, you will assess his damages at such a sum of money as, in your opinion, will be reasonable and just compensation for the injuries he sustained. And in assessing his damages if you so find, you are not to take into consideration the fact that he received part pay from the state for his time under the workmen's compensation law."

Duty on the part of the jury in fixing damages was certainly not to be determined by the opinion of the jury, but by the evidence. The charge in this respect, if standing alone and without further explanation, would be erroneous, but in the following paragraph on page 117 of the record we think such error was cured by the further and following instruction:

"In estimating his damages, you will take into consideration the loss of time, the physical and mental pain, if any, he has sustained by reason of such injuries, if any, and if you believe from the evidence that plaintiff has not recovered and that his injuries are permanent, and that he will thereafter suffer pain therefrom, and that his ability to labor and earn money will be impaired by reason thereof, then you will take that into consideration in estimating his damages."

Considering said charge as a whole, we do not think it open to the criticism made and we therefore hold that said instruction as the same appears on page 116 of the record when read in connection with the paragraph following is not such error as to justify a reversal of said judgment.

Some little confusion, if not inconsistency, appears in the testimony of the defendant in error in relation to the speed of the car just before and at the time of the collision and accident. Referring to his testimony on cross-examination, as the same appears on page 47 of the record, it appears he testified as follows:

"Q. Isn't it a fact that you knew that car was running beyond the speed limit before you drove on the track, and knowing that you drove right in front of it, isn't that so? A. I can't say that I knew it was running faster than the speed limit at that time.

"Q. Will you say that, when you drove on the street car track, it was running faster than the speed limit? A. I say I *thought* it was running faster than the speed limit.

"Q. How long before you drove on the track did you know that it was running faster than the speed limit? A. I knowed it when I first saw it.

"Q. That it was running faster than the speed limit? A. When we drove on the street.

"Q. You knew then that it was running faster than the speed limit? A. I seen the car coming but I didn't know whether it was running faster than the speed limit or not.

"Q. Will you say it was running faster than the speed limit or not? A. No.

"Q. Was it running as fast as the speed limit? A. I don't know.

"Q. You are not willing to say that it was running faster than the speed limit? A. No."

Whatever the fact concerning the speed of said car at the time he drove out of Granite on South Main street, to cross the tracks of the plaintiff in error, whether it was running in excess of the speed limit or otherwise, it was a fact for the determination of the jury, and the fact is undisputed that said car at that time was some 500 feet distant from Granite street where the motorman in charge of said car had an unobstructed view of the track between that point and said street, and where the defendant in error testifies he first saw said car, and at that time anticipating that the motorman in charge of said car would observe

Ford, Receiver v. Reamsnider.

the provisions of said speed ordinance, and supposing and believing that he could safely cross the tracks of the defendant company before said car approached and reached Granite street, he proceeded to cross the tracks of said company, and was struck and injured by said car.

Without stopping to analyze the evidence in respect to the speed said car was running, it will be sufficient to state that under the law the defendant in error had a right to suppose, as he was about to cross said tracks, that the motorman in charge of said car, was running the same within said speed limit, that he would operate the car in an ordinarily careful and prudent manner and that the same was under proper control. The jury were so instructed and properly so, in our judgment, in accordance with the principles of law laid down in the cases of *Steubenville & Trac. Co.* v. *Brandon,* 87 Ohio St. 187 [100 N. E. 325]; *Mansfield Ry. L. & P. Co.* v. *Kiner,* 35 O. C. C. 175 (17 N. S. 431); affirmed, no op., *Ford* v. *Kiner,* 89 Ohio St. 463; *Harris* v. *Electric Ry.* 36 O. C. C. 582 (19 N. S. 410).

Counsel for plaintiff in error contend that the cases cited are to be distinguished from and are unlike the case at bar because the facts appearing therein are different from the facts appearing in the case before us, and therefore the rule of law declared in said cases does not apply here, but in this contention we disagree with counsel.

The facts in the case were before the jury, they were passed on by the jury, under instructions by the trial court, and while technical errors may have occurred in the proceedings of the trial as well as in the charge of said court, after reviewing the evidence and the circumstances appearing in the record in said case, including said charge, we are of the opinion that no such error intervened as to work injustice to the legal rights of the plaintiff in error and that substantial justice has been done between the parties hereto. *Way* v. *Langley,* 15 Ohio St. 392; *Northern Ohio T. & L. Co.* v. *Jenkins,* 36 O. C. C. 30 (19 N. S. 602).

It follows that the judgment of the court of common pleas will be affirmed. Exceptions.

**Powell,** and **Houck, JJ.,** concur.